UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>IVAN ROMAN TIZOC,<br><br>                    Defendant. | Case No.: 3:15-cr-01299-GPC<br>              3:17-cv-01856-GPC<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255**<br><br>**[ECF No. 229]** |

On March 20, 2018, the Court issued an order denying Defendant's motion under 28 U.S.C. § 2255 in part, but deferring a ruling on his claim of ineffective assistance of counsel. (ECF No. 233.[1]) Part of Defendant's ineffective assistance of counsel argument was an assertion that his trial counsel refused to file a timely notice of appeal despite Defendant's request that he do so. The Court instructed the government to respond to the order by indicating whether it objected to the Court vacating the criminal judgment in this case and re-entering judgment so as to permit Defendant to file a timely appeal. The government has filed a notice indicating that it does not object to the Court doing so.

---

[1] The Court's docket entry citations refer to Defendant's criminal docket, Case Number 15-cr-1299.

1

(ECF No. 234.) As a result, the Court ORDERS that the criminal judgment in Case Number 15-cr-1299 be VACATED and immediately re-entered.

For the reasons explained in the Court's earlier order (ECF No. 233), Defendant's § 2255 motion is DENIED except for his claim of ineffective assistance of counsel. With respect to Defendant's argument that his counsel was ineffective because counsel refused to file a timely notice of appeal, the Court GRANTS the § 2255 motion, VACATES the criminal judgment in this case, and re-enters an identical judgment. As the Court also explained in its previous ruling, the Court will not address "the other IAC arguments offered by Defendant in his [§ 2255] motion." (*Id.* at 14.) Now that the government has declined to object to the Court re-entering judgment to permit Defendant to file a timely direct appeal, "Defendant may raise those [other IAC] grounds on his direct appeal," and "if they are rejected, he may raise them in a timely and appropriate § 2255 motion thereafter." (*Id.*)

With respect to the portion of Defendant's § 2255 motion that the Court has denied on the merits—Defendant's assertion that he did not knowingly and voluntarily waive his rights to appeal and collateral attack (*see id.* at 10–12)—the Court concludes that Defendant has not presented "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As a result, the Court declines to issue a certificate of appealability with respect to the portion of the § 2255 motion that the Court has denied.

The Clerk of Court is respectfully requested to close Civil Case Number 17-cv-1856. This criminal case is referred to Magistrate Judge William V. Gallo for appointment of counsel.

**IT IS SO ORDERED.**

Dated: March 26, 2018

Hon. Gonzalo P. Curiel
United States District Judge

2

3:15-cr-01299-GPC
3:17-cv-01856-GPC