UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>IVAN ROMAN TIZOC,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:15-cr-01299-GPC<br>　　　　　　3:17-cv-01856-GPC<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255**<br><br>**[ECF No. 229]** |

On March 20, 2018, the Court issued an order denying Defendant Ivan Tizoc's motion under 28 U.S.C. § 2255 in part, but deferring a ruling on his claim of ineffective assistance of counsel. ECF No. 233.[1] Part of Defendant's ineffective assistance of counsel argument was an assertion that his trial counsel refused to file a timely notice of appeal despite Defendant's request that he do so. The Court instructed the Government to indicate whether it objected to the Court vacating and re-entering the criminal judgment so as to permit Tizoc to file a timely appeal. The Government filed a notice indicating that it did not object to the Court doing so. ECF No. 234. As a result, the

---

[1] The Court's docket entry citations refer to Defendant's criminal docket, Case Number 15-cr-1299.

1

Court ordered that the criminal judgment be vacated and immediately re-entered. ECF No. 235.

Though the judgment was re-entered, the Court failed to appoint Tizoc counsel to file his appeal. Tizoc has not filed a direct appeal of the judgment. On October 11, 2018, the Court ordered the United States to inform the Court whether it objects to the Court vacating and re-entering the judgment for a second time to permit Tizoc to file a timely appeal. ECF No. 242. The Government responded that it does not object. ECF No. 243.

For the reasons explained in the Court's earlier order, ECF No. 233, Defendant's § 2255 motion is DENIED except for his claim of ineffective assistance of counsel. With respect to Defendant's argument that his counsel was ineffective because counsel refused to file a timely notice of appeal, the Court GRANTS the § 2255 motion, VACATES the criminal judgment in this case, and re-enters an identical judgment. As the Court also explained in its previous ruling, the Court will not address "the other IAC arguments offered by Defendant in his [§ 2255] motion." *Id.* at 14. Now that the Government has declined to object to the Court re-entering judgment to permit Defendant to file a timely direct appeal, "Defendant may raise those [other IAC] grounds on his direct appeal," and "if they are rejected, he may raise them in a timely and appropriate § 2255 motion thereafter." *Id.*

With respect to the portion of Defendant's § 2255 motion that the Court has denied on the merits - Defendant's assertion that he did not knowingly and voluntarily waive his rights to appeal and collateral attack, *see id.* at 10–12, - the Court concludes that Defendant has not presented "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As a result, the Court declines to issue a certificate of appealability with respect to the portion of the § 2255 motion that the Court has denied.

This criminal case is referred to Magistrate Judge Barbara L. Major for appointment of counsel.

**IT IS SO ORDERED.**

2

3:15-cr-01299-GPC
3:17-cv-01856-GPC

Dated: October 12, 2018

_____
Hon. Gonzalo P. Curiel
United States District Judge